UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THELMA JACKSON                                            CIVIL ACTION

VERSUS

OUR LADY OF THE LAKE                      NO.:19-00819-BAJ-EWD

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 7)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses pro se Plaintiff Thelma Jackson's Complaint (Doc. 1), against Defendant for medical malpractice on behalf of her minor child. The Magistrate Judge recommended that Plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The Magistrate Judge further recommends that the Court decline to join Plaintiff's action with her action against another Defendant.[1]

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Plaintiff filed an objection (Doc. 8), and the Defendant did not file a response.

---

[1] *Jackson, et al. v. National Center for Missing and Exploited Children*, No. 3:19-cv-00607-BAJ-EWD.

1

Plaintiff argues that the Court should use Federal Rule of Civil Procedure 20 to join this action with her action against the National Center for Missing and Exploited Children ("NCMEC"). The Magistrate Judge recommended that the Court decline to exercise its discretion to permit the joinder of these actions due to the lack of a logical relationship among the two matters, as this matter "does not involve any overlapping proof or legal questions and would require different witnesses and documentary proof." (See Doc. 7, ft. note 29).

The Court finds that Plaintiff has failed to establish federal court jurisdiction pursuant to 28 U.S.C. § 1332, due to the lack of diversity of the parties. Although Plaintiff's demand satisfies the amount in controversy, both Plaintiff and Defendant are domiciled in Louisiana; thus, the Court lacks subject matter jurisdiction to proceed with Plaintiff's state law claims. The Court also finds that Plaintiff's action against Defendant shares no logical relationship with Plaintiff's action against NCMEC. Thus, the Court declines to exercise its discretion to permit the joinder of Plaintiff's actions.

Having carefully considered the underlying Complaint, the instant motion, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

IT IS ORDERED that the **Magistrate Judge's Report and Recommendation (Doc. 7)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Plaintiff's claims shall be **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 31st day of January, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA